IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                         Case No. 16-CR-02694-WPJ

NATHAN JENSEN,

    Defendant.

## **MEMORANDUM OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT**

THIS MATTER comes before the Court upon Defendant Nathan Jensen's (hereinafter "Defendant" or "Jensen") sentencing memorandum **(Doc. 50)**, in which he objected to the Pre-Sentence Investigation Report (the "PSR") **(Doc. 44)**. For the following reasons, the objections are **OVERRULED.**

## BACKGROUND

Defendant pled guilty to possession of a firearm and ammunition by a person previously convicted of a felony. 18 U.S.C. § 922(g)(1). On April 12, 2017, the United States Probation Office disclosed the PSR with a finding in paragraph 27 that Defendant should be sentenced as an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"). In addition to a statutory minimum sentence of 15 years, the PSR also determined that Defendant's advisory sentencing guideline range is 180-210 months based on an offense level of 33, minus 3 points for acceptance of responsibility for a total offense level of 30, and a criminal history category of VI. This determination was based in part on three prior felony robbery convictions, one of which occurred when Jensen was seventeen years old. **PSR at paragraphs 33, 39 and 42**.

Defendant's criminal history score was 26, which places Defendant in criminal history category VI regardless of his designation as an Armed Career Criminal. Stated another way, even if Jensen was not classified as an Armed Career Criminal, he would still be in Criminal History Category VI because a defendant only has to have 13 criminal history points to be in Category VI and Jensen has a total of 26 criminal history points.

On May 11, 2017, while in custody awaiting sentencing on the underlying offense, Defendant allegedly assaulted a corrections officer. Probation filed a second addendum to the PSR on September 13, 2017, recommending that Defendant's total guideline offense level be increased to Level 33 based on a denial of acceptance of responsibility as a result of the alleged assault on a corrections officer. **(Doc. 65)**. Consequently, Probation now maintains that Defendant's total offense level is 33, which combined with a criminal history category of VI, establishes an advisory guideline imprisonment range of 235 to 293 months.

Defendant objected to the PSR, stating in part that (1) his first robbery was committed when he was seventeen years old and does not count as a "violent felony" under ACCA; and (2) New Mexico's robbery statute is not a "violent felony." Defendant further argues that Probation incorrectly calculated his criminal history points.

Defendant also filed two additional objections, apparently without consulting his counsel. **(Docs. 72 and 73).** The Court does not address these objections in this MOO and reserves ruling on them at a later time.

## DISCUSSION

**I.     Armed Career Criminal Act.**

ACCA requires a fifteen-year mandatory minimum sentence when the defendant has three or more qualifying "violent felonies." 18 U.S.C. § 924 *et seq.* The Armed Career Criminal Act provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a **violent felony** or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

§ 924(e)(1) (emphasis added).

A violent felony[1] is defined as:

> (B) …any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
> **(i) has as an element the use, attempted use, or threatened use of physical force against the person of another**, or
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another…*

18 USC § 924(e)(2)(B) (emphasis added). The italicized portion (the residual clause) is void for vagueness. *United States v. Miller*, 868 F.3d 1182, 1186 (10th Cir. 2017). Thus, the government must prove a prior conviction qualifies as a violent offense under (1) the elements clause or (2) the enumerated-offenses clause. Because robbery is not an enumerated offense, the applicability of ACCA turns on whether Defendant's robbery convictions satisfy the elements clause.

At issue is whether the New Mexico robbery statute "has an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). To determine whether a state statute requires physical force, "we must [1] identify the minimum

---
[1] The definition of "crime of violence" under U.S.S.G. § 4B1.2 uses the same bolded language at issue.

force required by [New Mexico] law for the crime of robbery and then [2] determine if that force categorically fits the definition of physical force." *United States v. Harris*, 844 F.3d 1260, 1264 (10th Cir. 2017).

"Physical Force" under ACCA means violent force, or "force *capable* of causing physical pain or injury to another person". *Johnson v. U.S.*, 559 U.S. 133, 140 (2010). Physical force must be greater than "slight offensive touching". *Harris*, 844 F.3d at 1265. A slap in the face is sufficient force. *Id.*

In *Harris*, the Tenth Circuit concluded that the felony crime of robbery under the Colorado robbery statute was a violent felony under ACCA. *United States v. Harris*, 844 F.3d 1260 (10th Cir. 2017). The Colorado robbery statute defined robbery as: "knowingly tak[ing] anything of value from the person or presence of another *by the use of force, threats, or intimidation*." Colo. Rev. Stat. § 18-4-301(1) (emphasis added). The Colorado Supreme Court stated that "the gravamen of the offense of robbery is the violent nature of the taking" and that robbery statutes are intended to protect persons. *People v. Borghesi*, 66 P.3d 93, 99 (Colo. 2003), *quoted in Harris*, 844 F.3d at 1269. "Common law robbery… is easily distinguishable from the property crime of larceny… there can be no robbery without violence, and there can be no larceny with it." *Harris*, 844 F.3d at 1267, *quoting Borghesi*, 66 P.3d at 99.

**II.    Statutory Robbery in New Mexico Requires the Use or Threatened Use of Physical Force.**

In New Mexico, robbery "consists of the theft of anything of value from the person of another or from the immediate control of another, *by use or threatened use of force or violence*." NMSA § 30-16-2 (emphasis added).

"[R]obbery is a crime designed to punish the use of violence" and "to protect citizens from violence." *State v. Bernal*, 140 N.M. 644, 146 P.3d 289, 296 (2006), *quoted in United States v. Manzanares*, 2017 WL 3913235, at *12 (D.N.M.). "[R]obbery is distinct from larceny because it requires… the element of force…. Robbery is not merely a property crime, but a crime against a person." *Bernal*, 146 P.3d at 296 (citations omitted). The force must be sufficient to overcome resistance. *Id.* Mere "touching or jostling" is insufficient to establish the force element. *State v. Sanchez*, 430 P.2d 781, 782 (N.M. Ct. App. 1967) (putting fist to victim's back, and taking wallet from victim's back pocket was insufficient force). "[W]hen no more force is used than would be necessary to remove property from a person who does not resist, then the offense is larceny." *State v. Curley*, 939 P.2d 1103 (N.M. Ct. App. 1997); *Bernal*, 146 P.3d at 296. "The Supreme Court of New Mexico has provided the essential gloss on the distinction between larceny and robbery in New Mexico which the Court believes qualifies robbery under ACCA's elements clause by entailing force, or the threat of force, akin to physical, violent force." *United States v. Garcia*, 2017 WL 2271421, at *23 (D.N.M.) (Browning, J.), *citing State v. Bernal,* 146 P.3d 289 (N.M. 2006). The majority of courts within this district interpreting the New Mexico robbery statute have determined it is a violent felony under ACCA, or a crime of violence pursuant to U.S.S.G. § 4B1.1.[2]

Here, the New Mexico robbery statute is substantially similar to the Colorado robbery statute, and *Harris'* reasoning applies. The minimum "force or violence" as used in the New Mexico statute categorically matches the definition of "physical force" in ACCA.

---

[2] *See e.g.*, *United States v. Garcia*, 2017 WL 2271421, at *23–27 (D.N.M.); *United States v. Manzanares*, 2017 WL 3913235, at *12 (D.N.M.) (collecting cases); *but see United States v. King*, 16-cv-0501 MV/KK, (Doc. 18) at 29 (D.N.M. Mar. 31, 2017) (Vazquez, J.) (concluding that New Mexico armed robbery does not qualify as a violent felony under the ACCA's force clause).

Defendant argues that New Mexico cases have interpreted robbery to only require the slightest amount of force, which does not meet *Johnson's* definition of physical force. As explained above, the Court disagrees. Moreover, in cases where robbery statutes did not meet the physical force requirement, those statutes had departed from common law robbery principles which required taking through the use of violence or intimidation sufficient to overcome resistance from the victim. *See Harris,* 844 F.3d at 1267-68 (noting that Massachusetts departed from common law robbery principles by not requiring resistance by the victim, i.e., it was robbery to sneak up on a victim and take a purse); *United States v. Lamb*, 638 Fed. Appx. 575, 576 (8th Cir. 2016) (Michigan robbery statute was a violent felony where robbery was described as larceny aggravated by taking from a person by force or threat of force), *vacated on other grounds*, 137 S.Ct. 494, 2016 WL 4399374. *Cf. United States v. Nicholas*, 686 Fed. Appx. 570 (10th Cir. 2017) (snatching purse from victim's arm, without more, was not sufficient physical force under ACCA). However, both Colorado and New Mexico apply common law robbery. Like the Colorado statute, New Mexico robbery "is a crime designed to punish the use of violence" and protect citizens from violence. *State v. Bernal*, 146 P.3d 289, 296 (N.M. 2006).

**III.    Adult Robbery Conviction when Defendant was Seventeen Years Old Qualifies as a Violent Felony.**

Defendant further argues that for a juvenile offense to count as a Violent Felony under ACCA the United States must show an additional element – that the Defendant used or carried a firearm or knife during the crime. The Court declines to reach this argument, because it finds that the Defendant was convicted as an adult. Defendant was charged as a youthful offender, but pled to an adult sentence. **(Doc. 56-3, p. 3)**. The plea agreement provided: "The defendant, as a

Youthful Offender, stipulates to an adult sentence being invoked in the above charge, pursuant to adult sentencing / disposition under § 32A-2-20." (*Id.*)

N.M.S.A. § 32A–2–20(D) (as of 2000) provided:

> If the court invokes an adult sentence, the court may sentence the child to less than, but shall not exceed, the mandatory adult sentence. A youthful offender given an adult sentence shall be treated as an adult offender and shall be transferred to the legal custody of an agency responsible for incarceration of persons sentenced to adult sentences. This transfer terminates the jurisdiction of the [children's] court over the child with respect to the delinquent acts alleged in the petition.

Generally, the Tenth Circuit looks to state law to determine whether a conviction was for an adult or juvenile offense. *United States v. Cole-Jackson*, 414 F. App'x 108, 110-11 (10th Cir. 2011). Thus, this conviction should be analyzed as any other adult conviction. *Id., citing United States v. Johnson*, 630 F.3d 970, 974-76 (10th Cir. 2010), *cert. denied*. *See also U.S. v. Missick*, 204 F.3d 1282, 1301 (10th Cir. 2000).

### IV. Criminal History Calculation.

Defendant argues that three convictions should not be counted separately for the purpose of assigning criminal history points, because they were sentenced on the same day and there were no intervening arrests. The Court disagrees. "Regardless of consolidation… "[p]rior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." *United States v. Manning*, 635 F. App'x 404, 409 (10th Cir. 2015), *cert. denied,* 136 S. Ct. 1220, 194 L. Ed. 2d 220 (2016), *quoting* U.S.S.G. § 4A1.2(a)(2). Here, Jensen was arrested on three different dates. He was arrested for an offense each time prior to committing a subsequent offense. Thus, the PSR appropriately assigns criminal history points for each offense separately.

This same reasoning applies to two other convictions (D-202-CR-2007-05366 and D-202-CR-2007-0491) (**Doc. 44, p. 13-14**). Although Defendant was sentenced for the two crimes on the same day to concurrent sentences, he was arrested for the crimes separately in two different instances.

Defendant also argues that he should not receive criminal history points for his adult robbery conviction, as he committed the offense when he was seventeen years old. *See* U.S.S.G. § 4A1.2(d). As explained above, Defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month. Therefore, three criminal history points for this robbery conviction are appropriate. U.S.S.G. § 4A1.2.

Finally, as the PSR notes in paragraph 45, all of the Defendant's prior criminal convictions result in a criminal history score of 24 and, as explained in paragraph 46 of the PSR, two more criminal history points were added because the instant offense was committed while Defendant was under a criminal justice sentence thereby resulting in a total criminal history score of 26. While the Court overrules Defendant's objections to the manner in which his criminal history score was calculated, the Court notes that even if the Court agreed with Defendant in that three of his criminal convictions should not be counted separately, the Court believes that Defendant would still be in Criminal History Category VI given that only 13 Criminal History points are required for a defendant to be in Category VI.

## V. Acceptance of Responsibility.

As stated above, if Defendant receives a three level adjustment for acceptance of responsibility, his Total Offense Level is 30, Criminal History Category is VI which corresponds to an advisory sentencing guideline range of 180 to 210 months. On the other hand, if Defendant **does not** receive a three level adjustment for acceptance of responsibility, then his Total Offense

Level is 33, Criminal History Category is VI which corresponds to an advisory sentencing guideline range of 235 to 293 months.

The Court may consider "criminal conduct unrelated to the offense of conviction in determining whether a defendant qualifies for an adjustment for acceptance of responsibility." *United States v. Prince*, 204 F.3d 1021, 1022-24 (10th Cir. 2000) (affirming denial of acceptance of responsibility where defendant stabbed another prisoner while incarcerated). Thus, the Court may deny a defendant's adjustment for acceptance of responsibility for assaulting a corrections officer while awaiting sentencing, even though it is unrelated to the underlying offense. *See United States v. Kemp*, 2017 WL 3635168 (10th Cir. 2017) (denying defendant an adjustment for assaulting a corrections officer while he was incarcerated awaiting sentencing).

However, the Court is not prepared at this time to deny the adjustment for acceptance of responsibility, without proof of the alleged assault by a preponderance of the evidence. Generally, the Defendant has the burden of showing he is entitled to an adjustment for acceptance of responsibility. *Prince*, 204 F.3d at 1024. However, "[w]hen a defendant objects to a fact in a presentence report, the government must prove that fact at a sentencing hearing by a preponderance of the evidence." *United States v. Shinault*, 147 F.3d 1266, 1278 (10th Cir. 1998); *United States v. Herrera*, 116 Fed. Appx. 972, 974 (10th Cir. 2004). Therefore, Defendant will need to file an objection to Probation's Second Addendum (**Doc. 65**) if Defendant contests the alleged assault referenced by Probation. If such an objection is filed, the United States is put on notice that it will have to prove, based upon a preponderance of the evidence standard, that the alleged assault occurred. Additionally, the Court observes that even if this alleged assault of the corrections officer by Defendant occurred, Defendant is not precluded from arguing that he should still receive a three level adjustment for acceptance of

responsibility. Finally, Defendant is put on notice that if the alleged assault is shown to have occurred, the Court may deny Defendant acceptance of responsibility.

For the reasons set forth above, the Court **OVERRULES** Defendant's objections to the PSR, Finds that Defendant meets the criteria for being an Armed Career Criminal, makes no ruling at this time on the matters Defendant raised pro se and reserves ruling on whether Defendant should lose a three level reduction on his offense level for acceptance of responsibility based upon the alleged assault of a corrections officer.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE