**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

NATHAN JENSEN,

     Petitioner,

v.                                                                    No. 20-cv-1107 WJ-GJF
                                                                      No. 16-cr-2694 WJ-GJF

UNITED STATES OF AMERICA,

     Respondent.

<u>**MEMORANDUM OPINION AND ORDER**</u>

     This matter comes before the Court on Petitioner Nathan Jensen's 28 U.S.C. § 2255 habeas claims.  Jensen seeks to vacate his federal convictions based on new Supreme Court law.  The Court previously advised Jensen his § 2255 claims appeared time barred, even considering recent Supreme Court cases, and directed him to show cause why this matter should not be dismissed. Because Jensen did not respond, and having reviewed the record and applicable authority, the Court will dismiss the § 2255 claims with prejudice.

**BACKGROUND**

     In 2017, Jensen pled guilty to possessing a firearm and ammunition as a felon (18 U.S.C. §§ 922(g)(1) and 924(a)(2)).  *See* CR Doc. 41.   The Court sentenced him to 180 months imprisonment.  *See* CR Doc. 100.   Judgment on the conviction and sentence was entered on March 13, 2018.  *Id.*   Jensen did not appeal, in accordance with the waiver in the plea agreement. On October 26, 2020, Jensen filed a Motion for Production of Documents Necessary for Habeas Petition (CV Doc. 1; CR Doc. 106) (Motion).   The Motion appears to challenge Jensen's conviction under *Rehaif v. United States*, 139 S. Ct. 2191 (2019).   The Court notified Jensen that

the Motion will be characterized as his first habeas petition under 28 U.S.C. § 2255 unless he withdraws the pleading.   *See* CV Doc. 2.   Jensen was also permitted to amend his pleading to include additional grounds under § 2255.   The Order was initially returned as undeliverable, but the Clerk's Office re-mailed the document on January 8, 2021.

Thereafter, Jensen filed several responses consenting to recharacterization of the Motion under § 2255, provided it is treated as his first § 2255 claim.   *See* CV Doc. 10, 12, 14.   One response also appears to seek relief under *U.S. v. Davis*, 139 S. Ct. 2319 (2019).   *See* CV Doc. 14. The Court therefore construes the Motion, as supplemented, as a first § 2255 challenge under *Rehaif* and *Davis* to the convictions in Case No. 16-cr-2694 WJ-GJF.[1]   By a Memorandum Opinion and Order entered October 12, 2022, the Court screened the Motion under Habeas Corpus Rule 4 and determined it was plainly time-barred, absent tolling.   *See* CV Doc. 17.   The ruling also granted Jensen's request for documents, in part, and directed the Clerk to mail him copy of his Plea Agreement (CR Doc. 41); Judgment (CR Doc. 100); and Sentencing Transcript (CR Doc. 104). Jensen was directed to file a show-cause response addressing timeliness by November 11, 2022. The ruling warned that the failure to timely comply will result in dismissal without further notice. Jensen did not comply.   The Court will summarize the time-bar and dismiss Jensen's § 2255 claims with prejudice.

### DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2255 claims.   "If it plainly appears

---

[1] Jensen is a defendant in several other federal criminal cases, but those cases have not yet concluded.   Case No. 17-cr-2566 WJ lists Jensen's name and also "Waldo Nahle," an alias, and Case No. 16-cr-3304 appears to refer to Jensen as Natas Nahum Angel Sandoval or Waldo Nahum Nahle.   Because the filings in this habeas matter (20-cv-1107 WJ-GJF) list the criminal case associated with Jensen's felon in possession charge, 16-cr-2694 WJ-GJF, the Court limits its review to that case.

from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition."  Habeas Corpus Rule 4(b).  "If the motion is not dismissed, the judge must order the United States Attorney to file an answer...."  *Id.* As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition."  *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final.  *See* 28 U.S.C. § 2255(f).  The one-year limitation period can be extended where:

(1)   The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2)   The motion is based on new, retroactive Supreme Court law; § 2255(f)(3); or

(3)   The inmate could not have discovered "the facts supporting the claim … through the exercise of due diligence."   § 2255(f)(4).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Jensen's criminal Judgment became final no later than March 28, 2018, the first business day after expiration of the 14-day appeal period.  *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final after the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment).   The federal docket reflects no discernable tolling activity during the next year.   The general § 2255 limitation period expired no later than March 28, 2019, and Jensen's

§ 2255 proceeding filed in October of 2020 would normally be time-barred.

Construed liberally, the Motion seeks the benefit of a later one-year period under 28 U.S.C. § 2255(f)(3), *Rehaif,* and *Davis*.   As noted above, § 2255(f)(3) permits defendants to seek habeas relief within one year after issuance of a new Supreme Court law that is retroactively applicable on collateral review.   *Rehaif* was issued on June 21, 2019.   *See* 139 S. Ct. 2191.   *Davis* was issued three days later on June 24, 2019.   *See* 139 S. Ct. 2319.   Thus, the deadline to file a timely § 2255 claim under *Rehaif* and *Davis* expired no later than June of 2020.   Assuming § 2255(f)(3) applies, Jensen's Motion filed October 26, 2020 is still time-barred.

Alternatively, even if Jensen filed the Motion within one year after the Supreme Court issued *Rehaif* and *Davis,* no relief is available based on those cases.   "*Rehaif* has not been made retroactive by the Supreme Court or any Court of Appeals."   *United States v. Scuderi,* 842 Fed. App'x 304, 305 (10th Cir. 2021).   *See also In re Barela*, No. 20-2025 (10th Cir. March 31, 2020) (unpublished order) (same).   Moreover, Jensen's conviction complies with the requirements of *Rehaif*, which holds the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."   139 S. Ct. at 2194.   In his Plea Agreement, Jensen states: "I knew I possessed a firearm *and* that I was prohibited from doing so.   Prior to that day I had been convicted of a felony, that is a crime punishable by more than one year of imprisonment."   CR Doc. 41 (emphasis added).   As to *Davis*, the Supreme Court's ruling is wholly inapplicable to this case.   *Davis* invalidated a definition of "crime of violence" in 18 U.S.C. § 924(c), which governs the use of a firearm during a violent crime.   The criminal judgment at issue in 16-cr-2694 WJ-GJF does not implicate § 924(c).   Jensen was convicted of possessing a firearm and ammunition as a felon in violation of §§ 922 and 924(a).

4

For these reasons, Jensen's § 2255 Motion, as supplemented, is time-barred.   Jensen failed to overcome the time-bar or otherwise demonstrate grounds for tolling.   The Court will dismiss Jensen's § 2255 claims with prejudice.   The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case.   *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Nathan Jensen's Motion for Production of Documents Necessary for Habeas Petition and any supplements thereto (**CV Doc. 1; CR Doc. 106**), which the Court construes as a § 2255 petition, is **DISMISSED with prejudice**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE